10424

### F. W. WAGNER & CO. v. SMITH.

(103 S. E. 527.)

LIMITATION OF ACTIONS—RECOVERY ON CHECKS NOT PRESENTED WITHIN SIX YEARS IS BARRED.—Where the payee failed to present checks given in payment of accounts due him for more than six years after their receipt, his action against the maker of the checks was barred by limitations, especially where one of the partners of the firm making the checks had died in the meantime, so that recovery now could be against the surviving partner alone.

Before TOWNSEND, J., Richland, Summer term, 1919. Judgment affirmed.

Action by F. W. Wagner, Julius D. Koster and F. W. Wagner, Jr., copartners, as F. W. Wagner & Co., against D. N. Smith, surviving partner of Smith Bros., on checks given by Smith Bros., in 1909, 1910 and 1911, but not presented for payment until December 6, 1917. From a directed verdict for defendant, plaintiff appeals.

*Messrs. Tompkins, Barnett & McDonald,* for appellant, cite: *Statute of limitations:* Sec. 119; Sec. 135, Code, vol. II. *Check prior to Negotiable Instruments Act, was an assignment:* 74 S. C. 210; 77 S. C. 307; 83 S. C. 301. *Statute began to run when check was presented and payment refused:* 77 U. S. 604; 19 L. Ed. 1019; 123 U. S. 111; 31 L. Ed. 100. *Statute runs on demand note from its date:* 3 Rich. L. 182. *But where note payable at bank, statute runs from date of presentation:* 14 East. 500; 2 Bail. 51. *Under sheriff's sale, two years after defendants put in possession:* Sec. 474, I Civil Code; 62 S. C. 504. *On mortgage statute commences 20 years after maturity of debt:* 71 S. C. 396.

*Messrs. B. W. Crouch, C. J. Ramage* and *A. F. Spigner,* for respondent, cite: *Checks, payable at sight, governed by rule as to demand notes:* 19 A. & E. Enc. Law (2d Ed.)

199, subd. d; 112 Ga. 668; 56 S. W. (Ky.) 415. *Against demand note statute runs from date:* 3 Rich. L. 182; 9 Pick. 488; 13 Wend. 267; 19 A. & E. Enc. (2d Ed.) 197; 5 R. C. L. 511; 4 A. L. R. 874. *Runs from time plaintiff could have perfected cause of action:* 13 A. & E. Enc. of Law (2d Ed.) 726, and note: *Statute runs on check from date:* 22 L. R. A. 110 (Nev.). *Where payee and bank in same town check should be presented on day after its receipt:* 17 Am. St. Rep. 804; *or forwarded on same day:* 7 App. Div. Sup. Court (N. Y.) 461. *Drawer liable until expiration of limitation period, if bank remains solvent, or he can show damage from delay:* Daniel Neg. Instr., sec. 39; sec. 1632; Thomson on Bills 118; 38 L. R. A. (N. S.) 255; 79 S. W. 730; 85 Pac. 762; 67 N. E. 172; 2 Moody & R. 401; 7 Minn. & G. 1061; 9 Q. B. 52; L. J. Q. B. (N. S.) 377; 10 Jur. 964; 3 C. B. (N. S.) 442; 27 L. J. C. P. (N. S.) 76; 8 Corpus Jur. 545-6, 413; 4 Jur. (N. S.) 74; 53 L. R. A. 432, and note. *But where presentment delayed beyond limitation period, drawer discharged:* 37 Neb. 644; 22 L. R. A. 110; 16 Hun. 412; 37 Am. Rep. 569; 8 Corp. Jur., par. 758.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from a directed verdict in favor of defendant by his Honor, Judge Townsend.

The cause of action grew out of six checks, aggregating $810.74, issued by Smith Bros., merchants, at Saluda, S. C., to the plaintiffs, wholesale merchants, Charleston, S. C. Smith Bros. was a partnership, composed of John M. Smith and D. N. Smith. John M. died July, 1911, leaving D. N. as the surviving partner. The six checks were issued in 1909, 1910 and 1911, in payment of their account with plaintiffs, but were not presented to the bank at Saluda, on which they were drawn, until December 6, 1917, at which time the

defendants had no funds in the bank to their credit, and checks were returned to the plaintiffs unpaid. The evidence showed that Smith Bros. had money in the bank, and checks would have been paid if presented within six years immediately prior to the commencement of this action. The checks had on them "In full account and account to date."

This action was commenced in July, 1918, for the principal sum of $810.74 and interest from December 6, 1917, date of presentation at bank for payment, and payment refused. The defendants answered and interposed as a defense the statute of limitations. . His Honor directed a verdict in favor of the defendant that "a delay of six years is unreasonable as a matter of law, where it is neither presented, nor suit brought thereon, within six years from its date, the right of action is barred by statute."

From the directed verdict plaintiffs appeal, and by their exception raise one question: When did the statute of limitations begin to run on the checks issued; the checks being issued before the Negotiable Instruments Act of 1914 was passed? The exception is overruled. His Honor was correct in directing a verdict for the defendant under all the evidence and circumstances in the case. A check, when issued, must be presented for payment within a reasonable time, and before statute of limitations expired. A delay of over six years is unreasonable, and the bar of the statute is complete. The accounts for which checks were given were barred by the statute of limitations. There is no proof that checks were accepted in payment, but unexplained delay.

A differing result would cause the survivor to suffer, in that he would have to pay the whole instead of his part. Neither in law nor in morals should he be required to do so.

The judgment is affirmed.